UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DOMINIQUE JANNIELLE THERE GUILLORY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17-cv-275-AGF |
|  | ) |  |
| UNITED STATES FEDERAL GOVERNMENT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the court upon the motion of plaintiff Dominique Jannielle There Guillory for leave to proceed herein *in forma pauperis*. The Court has reviewed the financial information submitted in support, and will grant the motion. The Court will also dismiss the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff names "United States Federal Government" as the sole defendant in this action. For her claims for relief, plaintiff writes:

> Give me all of my money back that was ever taken from me. For sending dirty cops to ruin my life! I want all the credit card fraud gone and drugs off the STREET <u>TODAY</u>!

(Docket No. 1 at 4) (emphasis in original).

As relief, plaintiff writes that she wants "every dollar it owes me (every penny)." *Id.*[1]

To sue the United States, a plaintiff must demonstrate both a waiver of sovereign immunity, and a grant of subject matter jurisdiction. *V S Ltd. Partnership v. Department of Housing and Urban Development*, 235 F.3d 1109, 112 (8th Cir. 2000). Plaintiff has failed to so

---

[1] The Court notes that the instant complaint borders on the malicious. The strenuous and disrespectful language plaintiff has used, combined with her failure to allege any facts demonstrating entitlement to relief, gives the impression that she may have filed this action in an attempt to shock and offend the Court and the defendant, rather than in an honest attempt to vindicate a constitutional right.

demonstrate.  In addition, plaintiff's allegations are conclusory and nonsensical.  Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law, *Martin*, 623 F.2d at 1286, and this Court will not assume facts that are not alleged simply because doing so would form a stronger complaint.  *Stone*, 364 F.3d at 914-15.  The complaint will therefore be dismissed because it fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of February, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE